## McKITTRICK AND ANDREWS.

PUBLIC LANDS—UNLAWFUL ENCLOSURE—SETTLEMENT. The enclosure of large tracts of public land for grazing purposes is unlawful, and a trespass. Persons desiring to become *bona fide* settlers may tear down the fences surrounding such tracts.

*Secretary Teller to Commissioner McFarland, March 26, 1883:*

You transmit under date of the 10th instant, for my consideration and action, "a petition and resolution of citizens of Barbour county, Kansas, relative to the unlawful enclosing of large tracts of vacant Osage Indian lands in said county, amounting in all to about 200,000 acres," and also sundry affidavits corroborating the alleged facts, and showing that, among others, one John McKittrick and one ———— Andrews, his partner, have enclosed, for grazing purposes, a tract of about 6,000 acres, subject to pre-emption, situate wholly or in part in Tp. 31, R. 13 W., in said county, and by such enclosures and by threats and violence, have prevented *bona fide* settlement on the enclosed tract. You also state that like enclosures are believed to exist in adjoining counties, and recommend that speedy action be taken for the relief of settlers intending to locate on such enclosed lands, and that the fences be removed.

I need not advise you that enclosures of the character described are unauthorized and illegal, or that settlement on such lands is limited to 160 acres, or that such mere occupation without settlement is trespass only, and gives no right to the occupant, or that such occupation does not legally exclude *bona fide* settlement by another. Such trespass on the public land is equally offensive to law and to morals as if upon private property, and lands not legally appropriated are vacant

and subject to disposal to whomsoever legally applies for them. Until settlement is made under the settlement laws, there is no objection to the grazing of cattle, or cutting hay, on government land, provided such unappropriated lands are left open to all alike. To allow a few wealthy stockmen to fence these lands, and thus not only practically withdraw them from the operation of the settlement laws, but deprive men of small means of the advantage of acquiring a settlement, will not be allowed under any pretense whatever. Attempts, therefore, by persons in illegal occupation of such tracts to prevent their settlement by fence or threats or violence will be discountenanced by this Department, and should be by all good citizens.

It is immaterial that such enclosures are for stock-range purposes. The law recognizes no such purpose. The grazier may as equitably claim any other as the landed property of the Government, but neither is permissible. He may have only what is allowed all others.

The enclosure of McKittrick and Andrews is illegal, and against the right of others who desire to settle or graze their cattle on the enclosed tracts. It gives them no exclusive right to such tracts, and they cannot thereby, or by threats or violence, prevent entry thereon by others who desire to graze the same land, or to enter thereon for any purpose within the law. This Department will therefore interpose no objection to the destruction of their fences by persons desiring to make *bona fide* settlements on such enclosed tracts, should McKittrick and Andrews endeavor to prevent the same by their fences, or their threats or violence; but will rather lend its influence to their appropriate punishment under the law for their trespass. You will therefore cause them (and all others enclosing tracts of the public land beyond that allowed by law), to be notified by a circular letter that the Government will prosecute or otherwise express its disapprobation of their trespass whenever, after such notice, it shall appear that by such enclosure, they prevent settlement on the enclosed tracts by persons entitled thereto under the law.